AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>one black and grey in color LG brand, model LGMS330, bearing international mobile equipment identifier (IMEI) 355867-07-966082-8.  The target cellular telephone is currently in the custody of the FBI, 2222 Market Street, Saint Louis, Missouri, 63103, within the Eastern District of Missouri<br>See Attachment A | )<br>)<br>)  Case No. 4:16 MJ 200 DDN<br>)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____EASTERN____ District of ____MISSOURI____
*(identify the person or describe the property to be searched and give its location)*:

one black and grey in color LG brand, model LGMS330, bearing international mobile equipment identifier (IMEI) 355867-07-966082-8. The target cellular telephone is currently in the custody of the FBI, 2222 Market Street, Saint Louis, Missouri, 63103.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before ____September 25, 2016____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____David D. Noce____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*.  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4:05 p.m. Sept. 12, 2016    /s/ David D. Noce
*Judge's signature*

City and state: St. Louis, MO        Honorable David D. Noce, U.S. Magistrate Judge
*Printed name and title*



ATTACHMENT A



LG
DATE: 01/2016
MODEL NO : LGMS330
FCC ID : ZNFK330
H/W : 1.0  S/W : V10c
S/N : 601CYDG966082
IMEI : 355867-07-966082-8
MADE IN CHINA

## ATTACHMENT B
### (LIST OF INFORMATION/ITEMS TO BE SEIZED)

1. All records on the **target cellular telephone** as detailed in the Affidavit, the evidence, fruits, and instrumentalities or things otherwise criminally possessed, derived, that are evidence of, or which have been intended for use as, the means of committing violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119; including dialed-call telephone numbers; received-call telephone numbers; missed-call telephone numbers; names, telephone numbers, addresses and other data located in the address books or contacts databases; photographs; voicemails; emails and text messages stored, and/or removable SIM cards, and/or removable data cards, and data stored, audio/video files;

2. Evidence of user attribution showing who used or owned the target devices to be searched at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Internet to communicate via email, social media websites, or other electronic means, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

5. All data files, including but not limited to, records and graphic representations, that is, documents and visual depictions of accounting records, websites, marketing, and facilitating records pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 120, and 2119.

6. Graphic interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI and MPEG) containing matter pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119.

7. Electronic mail, chat logs, Internet Relay Chat (IRC) log files and electronic messages pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201,

and 2119.

8. Log files and other records concerning dates and times of connection to the Internet and to websites pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119.

9. Any Instant Message conversations, chats, e-mails, text messages, or letters pertaining violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

In the Matter of the Search of )
one black and grey in color LG brand, model LGMS330, bearing )
international mobile equipment identifier (IMEI) 355867-07-966082-8. The ) Case No.   4:16 MJ 200 DDN
target cellular telephone is currently in the custody of the FBI, 2222 Market )
Street, Saint Louis, Missouri, 63103, within the Eastern District of Missouri )
See Attachment A )

## APPLICATION FOR A SEARCH WARRANT

I, Matthew Baughn, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:
one black and grey in color LG brand, model LGMS330, bearing international mobile equipment identifier (IMEI) 355867-07-966082-8. The target cellular telephone is currently in the custody of the FBI, 2222 Market Street, Saint Louis, Missouri, 63103,

located in the   EASTERN   District of   MISSOURI  , there is now concealed

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18:2119 and 1201 | Carjacking and kidnapping |
| 18:924(c) | Possession of a firearm in furtherance of a crime of violence |
| 18:922G | Felon in possession of a firearm |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature
Matthew Baughn, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date:   September 12, 2016

_____
Judge's signature

City and state:  St. Louis, MO

Honorable David D. Noce, U.S. Magistrate Judge
Printed name and title

AUSA:   Sayler A. Fleming

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, FBI Special Agent (SA) S. Matthew Baughn, being duly sworn, state the following:

### INTRODUCTION

I have been duly sworn by the Federal Bureau of Investigation ("FBI") as a Special Agent assigned to the St. Louis Field Office of the FBI since August 2010. In my capacity as a Special Agent, I have experience with and am responsible for investigating violations of federal statutes over which the FBI has investigative jurisdiction, including violations relating to firearms, carjacking, kidnapping, conspiracy, wire fraud, interstate transportation of property obtained by fraud, and money laundering.

I am involved in an investigation into violations of Federal firearms, carjacking, and kidnapping laws by Deshown DENTON (B/M; SSN: -----4565; DOB: --/--/1990), Khylon HAMPTON (B/M; SSN: -----1182; DOB: --/--/1995) and others occurring on or about February 7, 2016, and February 9, 2016, in the City of St. Louis and elsewhere, within the Eastern District of Missouri.

This affidavit is submitted in support of an application for the issuance of a search warrant for the following described cellular telephone seized from DENTON during his arrest on or about March 6, 2016, in connection with the aforementioned violations of Federal law:

- **Target cellular telephone:** A black and grey in color LG brand, model LGMS330, bearing international mobile equipment identifier (IMEI) 355867-07-966082-8. The **target cellular telephone** is currently in the custody of the FBI.

Because this affidavit is being submitted for the limited purpose of establishing probable cause to search the **target cellular telephone**, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that the **target cellular telephone** will provide evidence of violations of relevant Federal statutes.

This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit, and my review of records mentioned in this affidavit.

### TARGET CELLULAR TELEPHONE

On February 7, 2016, and February 9, 2016, two armed carjackings occurred in the City of St. Louis, within the Eastern District of Missouri. The first carjacking occurred in the area of South 14th Street and Spruce Street, during which a male suspect brandished a firearm at the victim and a female suspect searched the victim and took his cellular telephone and wallet. The

1

suspects then ordered the victim out of his 2009 Dodge Journey and drove away in it. The Dodge Journey was recovered the following morning in East St. Louis, Illinois.

The second carjacking occurred in the area of 1212 Washington Avenue. Once again, the male suspect brandished a firearm at the victims and ordered the victims out of the front seats and into the backseat of their 2014 Nissan Maxima. The female suspect then entered the driver's seat, while the male suspect entered the passenger seat. The suspects then drove the victims to Collinsville, Illinois, where the female suspect withdrew approximately $400 from the female victim's bank account utilizing a drive thru ATM machine. The suspects ultimately released the victims in the parking lot of the Casino Queen located in East St. Louis, Illinois, before driving away in the 2014 Nissan Maxima. The Nissan Maxima was also later recovered in East St. Louis, Illinois.

Through the investigation, the male suspect in both carjackings has been identified as DENTON. On or about March 6, 2016, DENTON was taken into custody by members of the East Saint Louis Illinois Police Department. At the time of DENTON's arrest, he had the **target cellular telephone** in his possession. The following day, SLMPD detectives conducted an interview of DENTON during which he identified himself in various surveillance videos and photographs related to the carjackings. Prior to February 7, 2016, DENTON had been convicted of one or more crimes punishable by a term of imprisonment exceeding one year.

Investigation of surveillance video footage, among other evidence, has revealed that just prior to committing the second carjacking, DENTON and the female suspect exited a GMC Yukon. Investigation further revealed that the driver of the GMC Yukon, identified as HAMPTON, followed DENTON and the female suspect who were in the victim's Nissan Maxima when they drove the victims to the ATM machine and then released them at the Casino Queen in Illinois. On February 11, 2016, detectives were able to track one of the victim's cellular telephones to the Casey's General Store in Highland, Illinois, where they located the aforementioned GMC Yukon occupied by HAMPTON and two other individuals. HAMPTON was in possession of both victims' cellular telephones.

## LEGAL AUTHORITY

As a result, based on my training and experience and the totality of the circumstances, I firmly believe that the **target cellular telephone** belongs to DENTON. For those reasons, I also firmly believe there is probable cause to conclude that in the digital media to be searched within the **target cellular telephone**, there will be located evidence of, contraband related to, and/or the fruits or instrumentalities of one or more violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and/or 2119.

Furthermore, based upon my and the investigating team's experience and our participation in other pending and completed investigations, I know:

2

a. Wireless telephones provide users with mobile communications using various methods. People with such telephones use them for many purposes other than voice communication. For example, cell phones store volumes of information. Some uses include personal data assistants, voice messaging, text messaging, electronic messaging, games, address books, and photography. Typically, information entered into the cell phone is stored on the internal memory, sim chip, or other type of data memory module located within the cell phone.

b. Searching and seizing information from internal memory, sim chips, or other data storage devices known and unknown requires unique investigative methods due to the volume of electronic evidence stored on the internal memory, sim chips, or other data storage devices known and unknown and the technical requirements to property search requires an investigator trained in the acquisition and examination of the stored data.

c. Cell phone memory storage can store the equivalent of millions of individual pieces of information. Additionally, a suspect may try to conceal criminal evidence; he or she may store it in random order with deceptive file names. This may require searching authorities to examine all stored data to determine which particular files are evidence or instruments of the crime. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical and invasive to attempt this kind of search by merely printing all of the information. Further, a cell phone does not always easily connect to a computer system so that usual computer search methods may not apply.

d. Searching cell phones, like any computer system, for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. Data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password protected, or encrypted files. Because electronic evidence is vulnerable to inadvertent or intentional modification or destruction (from external sources or from destructive code imbedded in the system as a "booby trap"), a controlled environment may be necessary to complete an accurate analysis. This allows a qualified computer expert to accurately retrieve the system's data in a laboratory or other controlled environment.

e. Searching a cell phone for the evidence described above requires the use of a data cable and synchronization or forensic software. In the event that no data cable can be obtained, it is possible in some situations to retrieve the cell phone data through the use of an infrared port or Bluetooth connection. Searching the storage area begins by turning on the cell phone. The examiner will search the areas believed to contain the indicated evidence. During the conduct of the search, the examiner will take all steps necessary to ensure the integrity of the evidence, which is the cell phone itself and the data stored in its memory.

Furthermore, obtaining, among other things, the following:

3

(a) Any and all SMS and MMS messages sent and received;

(b) Call detail records including date, time and length of call for outbound and inbound calls, with outbound digits and inbound call numbers;

(c) All stored communications or files, including voice mail, email, digital images, sim cards, buddy lists, and any other files associated with the listed account; and

(d) All uploaded and downloaded videos, graphics, or other multimedia files;

from the **target cellular telephone** will aid in the overall investigation of the above-described violations of Federal law.

## CONCLUSION

Based on this affidavit, I respectfully request the issuance of a warrant to search the **target cellular telephone**, as herein described and depicted in Attachment A, for the items described in Attachment B.

S. MATTHEW BAUGHN
Special Agent
Federal Bureau of Investigation

4



ATTACHMENT A





LG
DATE: 01/2016
MODEL NO : LGMS330
FCC ID : ZNFK330
H/W : 1.0  S/W : V10e
S/N : 601CYDG966082
IMEI : 355867-07-966082-8
MADE IN CHINA

## ATTACHMENT B
(LIST OF INFORMATION/ITEMS TO BE SEIZED)

1. All records on the **target cellular telephone** as detailed in the Affidavit, the evidence, fruits, and instrumentalities or things otherwise criminally possessed, derived, that are evidence of, or which have been intended for use as, the means of committing violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119; including dialed-call telephone numbers; received-call telephone numbers; missed-call telephone numbers; names, telephone numbers, addresses and other data located in the address books or contacts databases; photographs; voicemails; emails and text messages stored, and/or removable SIM cards, and/or removable data cards, and data stored, audio/video files;

2. Evidence of user attribution showing who used or owned the target devices to be searched at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Internet to communicate via email, social media websites, or other electronic means, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

5. All data files, including but not limited to, records and graphic representations, that is, documents and visual depictions of accounting records, websites, marketing, and facilitating records pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 120, and 2119.

6. Graphic interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI and MPEG) containing matter pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119.

7. Electronic mail, chat logs, Internet Relay Chat (IRC) log files and electronic messages pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201,

and 2119.

       8.     Log files and other records concerning dates and times of connection to the Internet and to websites pertaining to violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119.

       9.     Any Instant Message conversations, chats, e-mails, text messages, or letters pertaining violations of Title 18, United States Code, Sections 2, 922(g), 924(c), 1201, and 2119.