UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16CR429 HEA |
| | ) | |
| DESHAWN DENTON, | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Patricia L. Cohen addressing Defendant's Motions to Suppress Evidence, [Doc. No.'s 79 and 80]. An evidentiary hearing was held February 23, 2017. In her March 29, 2016 Report and Recommendation, Judge Cohen recommends that the motions be denied. Defendant has filed written objections to this recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Memorandum to which Defendant objects. The Court has reviewed the entire

record for this purpose, including listening to the audio taping of the hearing and reading the transcript thereof.

Defendant continues to object to the finding that he consented to the search of his cellular telephone. Defendant argues that there is no corroboration of Detective Rudolph's testimony, nor is there a recording of Defendant's consent, Defendant fails to present any authority requiring such corroboration or recording.

Detective Rudolph testified that he told Defendant he was going to seize his cell phone as evidence. At that time, Defendant stated: "Go ahead and *look at the phone. There's not going to be anything in there*." (emphasis added). Although Defendant argues that the statement was nothing more than a response to the detective's statement, Defendant specifically authorized him to look in the phone, and specifically articulated what he believed the result of the search would be. Rather than a mere acquiescence, Defendant provided the authority to actually look into the phone.

Likewise, Defendant's consent was not limited in anyway, and specifically allowed the search of the entire phone through his statement that "There's not going to be anything in there." This statement clearly authorizes a search of the entire phone.

Judge Cohen set out the applicable law with respect to consent and the scope of that consent. She determined that the testimony of Detective Rudolph was
˜ 2 ˜

credible. Defendant has presented no authority requiring a recording or a written consent to search his phone. Applying the law to the facts established at the hearing, Judge Cohen thoroughly and correctly concluded that Defendant's consent was given and was not limited in its scope. The objection is overruled. Defendant also objects to Judge Cohen's recommendation that his Motion to Suppress the photographic lineup be denied. The Supreme Court has established a two-step inquiry into photographic lineups. *Schawitsch v. Burt,* 491 F.3d 798, 802 (8th Cir.2007) (citing *Manson v. Brathwaite,* 432 U.S. 98, 116 (1977)); *see also Neil v. Biggers,* 409 U.S. 188, 197 (1972); *Simmons v. United States,* 390 U.S. 377, 384, (1968). First, the Court must determine whether the lineup was impermissibly suggestive. *Schawitsch,* 491 F.3d at 802. If so found, then the Court must examine whether under the totality of the circumstances the lineup created a substantial likelihood of misidentification at trial. *Id; United States v. House*, 823 F.3d 482, 485–86 (8th Cir. 2016).

Defendant argues that the photo lineup was impermissibly suggestive, which created an undue possibility for misidentification. He asserts that having Defendant's picture first rendered the lineup suggestive. To the contrary, there is no indication that merely presenting Defendant's photograph first had any effect whatsoever. Defendant argues that the detective may have unwittingly suggested that the picture was of the suspect in their case. This is pure speculation on the part

of Defendant. There is no evidence whatsoever the detective "unwittingly suggested" that the picture was of the suspect. Detective Treis, the blind administrator of the lineup, testified that the victims were shown four separate photographs; the victims did not rely on only one photograph of Defendant, and they were advised they would be shown a series of photographs. Defendant has presented nothing to demonstrate that having his picture in the first position in the series affected the outcome of the identification.

Defendant also argues that the other men were different sizes and heights. Although there was testimony that Detective Rudolph disagreed with this positon, more significantly, the men were selected based on complexion and hairstyle in order to secure similar looking individuals. Defendant argues that Detective Rudolph testified that the individuals looked different. Indeed, everyone person looks somewhat differently from others, however, Detective Rudolph testified that he was looking for individuals with similar complexions and hairstyles as Defendant for the lineup.

Similarly, Defendant's argument that the clothing the individuals were wearing rendered the lineup impermissibly suggestive. The Court disagrees. Nothing presented by Defendant gives credence to his position that the clothing the individuals were wearing had any significant effect on the identification by the victims. The objection is overruled.

Judge Cohen's conclusion that the search was legal is based on sound legal analysis. The Court agrees with Judge Cohen's conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Suppress Evidence, [Doc. No. 79 and 80], are denied;

Dated this 20th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE